IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARLENE M. BALINAO,
    Plaintiff,

vs.                                  Case No. 3:08cv72/RS/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

## ORDER

Pending in this action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, is Defendant's motion to dismiss, filed February 1, 2010 (Doc. 25). The court directed Plaintiff to file a response to the motion on or before February 26, 2010 (Doc. 26). When Plaintiff did not timely file a response, the court *sua sponte* gave her additional time in which to do so, directing that Plaintiff's response was due on or before April 14, 2010 (Doc. 32).[1] Thereafter, Plaintiff filed a motion for enlargement of time in which to file a response, which the court granted through April 28, 2010 (Doc. 34), but Plaintiff failed to submit a response by that date. On May 3, 2010, Plaintiff filed a "Notice to the Court of Emergency"(Doc. 35), in which she advises that she is "seriously sick, hospitalized and had emergency cardiac surgery" (*id.* at 1). Plaintiff does not provide any other information. Nor does Plaintiff make any request that she be granted additional time in which to file her response, much less identify the date by which she believes will be able to proceed.

The court shall, *sua sponte*, grant Plaintiff one additional, generous enlargement of time in which to file her response. On or before **MAY 28, 2010,** Plaintiff shall respond to Defendant's

---

[1] The court noted that Plaintiff had attempted to submit a motion for an enlargement of time in which to file her response, but that the court rejected the motion as deficient because Plaintiff had failed to attach a certificate of conference as required by N.D. Fla. Loc. R. 7.1(B) (*see* Doc. 29). Although the court advised Plaintiff that she could resubmit the motion after the cited deficiency had been corrected, she failed to do so.

motion to dismiss. Absent a showing of good cause, no additional enlargements of time shall be granted. If Plaintiff fails to file a response to the motion or to otherwise respond on or before **MAY 28, 2010**, the court will conclude that she has abandoned this litigation. The court may then *sua sponte* recommend to the district court that this case be dismissed without prejudice for Plaintiff's failure to comply with an order of the court and failure to prosecute. *See* Fed. R. Civ. P. 41(b); Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978) (affirming *sua sponte* dismissal under Rule 41(b)).[2] A dismissal without prejudice ordinarily will permit the timely filing of a new, separate action at a later date. If Defendant objects to dismissal of this action without prejudice it should so inform the court on or before **JUNE 1, 2010**.

Accordingly, it is **ORDERED**:

1. On or before **MAY 28, 2010,** Plaintiff shall respond to Defendant's motion to dismiss.

2. On or before **JUNE 1, 2010**, Defendant shall file any objection to the court's recommending dismissal of this action without prejudice.

3. Plaintiff's failure to file a response to the motion or to otherwise respond on or before **MAY 28, 2010**, may result in a recommendation of dismissal of this action without prejudice for Plaintiff's failure to comply with an order of the court and failure to prosecute.

**DONE AND ORDERED** this 6th day of May 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981.