IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARLENE M. BALINAO,
             Plaintiff,

vs.                                       Case No. 3:08cv72/RS/EMT

UNITED STATES OF AMERICA,
             Defendant.
_____/

## **<u>REPORT and RECOMMENDATION</u>**

This action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, was filed pro se by Arlene M. Balinao ("Balinao") against her former employer, the United States of America ("the United States"). Due to Balinao's pro se status this matter was referred to the undersigned for all pretrial proceedings, including the issuance of preliminary orders, the conduct of necessary hearings, and—with respect to any dispositive motions—the filing of a report and recommendation containing proposed findings of fact and conclusions of law. *See* N.D. Fla. Loc. R. 72.2(E); 28 U.S.C. § 636(b)(1)(B)(C), and Fed. R. Civ. P. 72(b). Pending is the United States' motion to dismiss Balinao's second amended complaint for lack of subject matter jurisdiction (Doc. 25). Balinao has responded in opposition (Doc. 38).[1] For the reasons stated below, this court

---

[1] Although Balinao captions her response as a "Motion to Deny Defendant's Motion for Dismissal for Subject Matter Jurisdiction," the clerk docketed the submission, and this court treats it, simply as a response to the United States' motion to dismiss.

The court notes the following history pertaining to Balinao's response. After the United States filed its motion to dismiss on February 1, 2010 (Doc. 25), the court directed Balinao to file a response on or before February 26, 2010 (Doc. 26). Balinao did not do so. In light of Balinao's pro se status, the court, *sua sponte*, gave Balinao until April 14, 2010, in which to respond (Doc. 32). Thereafter Balinao filed a motion for an additional enlargement of time, which the court granted through April 28, 2010 (Doc. 34). Balinao again failed to submit a response to the pending motion within the time allotted. On May 3, 2010, Balinao filed a "Notice to the Court of Emergency" (Doc.

recommends that the United States' motion be granted and that this action be dismissed, with prejudice.

**Background**

The second amended complaint contains the following allegations (Doc. 15). On March 9, 2005, while Balinao was on the premises of the Federal Prison Camp, Eglin, Florida, walking to her job as a health services administrator for the Bureau of Prisons ("BOP"), the manned vehicle gate through which she was passing malfunctioned and collapsed, striking her on the head and knocking her to the ground (*id.* at 3). According to Balinao, although she was injured no one came to her aid, forcing her to seek immediate medical attention on her own (*id.*). Since the incident, due to continued pain Balinao has presented to several hospitals and doctors, incurring substantial medical expense. Balinao asserts three claims in connection with the malfunctioning vehicle gate and the injuries she suffered when it collapsed on her: (1) negligent failure to warn; (2) negligent design; and (3) tortious breach of express warranty and contractually implied warranty (*id.* at 11–12). As relief, Balinao seeks $1,000,000.00 in compensatory damages, $1,000,000.00 in medical expenses, reimbursement for out-of-pocket medical expenses and private insurance bills, lost wages, costs, and attorney's fees (*id.* at 5, 13). In support of her assertion that her FTCA claims have been administratively exhausted, Balinao attaches to her second amended complaint an August 15, 2007, letter from a BOP official denying her claims for relief under the FTCA (*id.* at 5–6).[2]

---

35), in which she advised that she was "seriously sick, hospitalized and had emergency cardiac surgery," though she provided no other details regarding her condition or information as to when she might be able to proceed in this litigation (*id.* at 1). The court granted Balinao an additional enlargement of time—through June 11, 2010—in which to file her response to the motion to dismiss but informed her that no additional extensions would be granted. The court explained that it had concluded subject matter jurisdiction over her FTCA claims is lacking and that it intended to enter a report to the district court recommending dismissal on that ground. Balinao was given the option of filing a response to the motion or moving to dismiss this action. Regardless of Balinao's choice, however, the court advised it would proceed to addressing the United States' motion on its merits on or after June 15, 2010.

[2] The letter, which is signed by the regional counsel for the BOP, states that Balinao previously had filed a claim pursuant to the Federal Employee's Compensation Act ("FECA"), 5 U.S.C. § 8116, for the injuries she sustained on March 9, 2005, and that her claim had been accepted

In its motion, the United States submits that on March 16, 2005, Balinao filed a FECA claim regarding her injuries with the Office of Workers' Compensation Programs ("OWCP") and was awarded compensation on September 14, 2005. Because well-settled law establishes that the FECA is Balinao's exclusive remedy for her federal employment-related injury, the United States urges, Balinao is precluded from seeking damages pursuant to the FTCA. According to the United States, the court lacks subject matter jurisdiction over Balinao's FTCA claims and therefore must dismiss this action. The United States attaches to its motion Balinao's "Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation" dated March 16, 2005 (Doc. 25-1), and a letter dated September 14, 2005, from the OWCP accepting Balinao's FECA claim (Doc. 25-2).

Balinao states in her response to the United States' motion (Doc. 38) that she is "currently sick, [and] unable to physically complete the above [response] . . . ." Attached to her eleven-page response, which largely is comprised of part of her second amended complaint, is her "Affidavit in Opposition to the Defendant's Motion for Dismissal for Lack of Subject Matter Jurisdiction." In this document, Balinao reiterates that she is too ill to respond to the United States' motion at this time and asks to be permitted to supplement her response after she has fully recovered.[3] According

---

(Doc. 15 at 5–6). Balinao was advised that her remedy pursuant to the FECA was exclusive and thus she could not recover further under the FTCA; accordingly, her administrative claim for $3,000,000.00 under the FTCA was denied (*id.* at 6).

[3] Balinao begins her signed and dated "affidavit" by stating she "swore under oath" when giving her statement. She concludes by stating: "Wherefore, based on the above matters, and the verification of this document under penalty of perjury, Plaintiff Arlene M. Balinao asks this court to reject the unsupported Motion for Dismissal precariously filed by attorney for the defendant" (Doc. 38 at 10). The statement is not notarized and thus is not acceptable as a sworn affidavit. Additionally, it is questionable whether the statement should be deemed compliant with the requirements of 28 U.S.C. § 1746 (providing alternative to sworn statement but requiring that statement include a handwritten averment, signed and dated, that the statement is true under the penalty of perjury) and treated as an unsworn declaration. Regardless, the court has reviewed and considered the contents of the statement as a part of the arguments presented in Balinao's response.

To the extent Balinao seeks a stay of this matter or permission to supplement her response at a later date, the court concludes that neither proposition provides a basis for further delaying entry of this report and recommendation. First, for the reasons outlined below, the court is persuaded that

to Balinao, she was injured by the United States' negligence on March 9, 2005, has followed all required administrative procedures, has exhausted all administrative remedies prior to bringing this action, and during the administrative process was misled by the United States into believing that she "was doing what she was supposed to do" (Doc. 38 at 9).

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(1)

Motions to dismiss under Rule 12(b)(1)  come in two forms, facial and factual.  *See* Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  Review of facial challenges is limited to the four corners of the complaint, while factual challenges permit investigation of matters outside the pleadings themselves.  *See* Garcia v. Copenhaver, Bell, and Associates, 104 F.3d 1256, 1260–61 (11th Cir. 1997).  A facial attack affords a plaintiff safeguards similar to those provided in a motion pursuant to Fed. R. Civ. P. 12(b)(6) as the court must take the allegations of the complaint as true.  *See* Lawrence, 919 F.2d at 1529 (quotations omitted).  "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  *Id.* (citation and internal quotation marks omitted).  Provided the factual attack does not implicate the merits of a plaintiff's case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.* (citation omitted).  "In short, no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.*

In the instant motion, the court considers the United States to be mounting a factual attack

---

subject matter jurisdiction over Balinao's FTCA claims is lacking because she has already been afforded relief for her injuries under the FECA, and the FECA provides the exclusive remedy available to her.  Thus, even Balinao were given the opportunity to file a fuller response at a later date, she would not be able to overcome this obstacle to pursuing claims under the FTCA.  Second, as set forth on the final page of this report, Balinao will have the opportunity to assert her requests again to the district court in connection with any objections to this court's recommendation of dismissal that she may file.

on subject matter jurisdiction. To the extent the parties' exhibits are helpful in determining the court's power to hear this action brought pursuant to the FTCA, the court therefore may, and has, considered them.

Federal Tort Claims Act and Federal Employees Compensation Act

The FTCA provides that the United States may be held liable for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" in the same manner and to the same extent as a private person under like circumstances. 28 U.S.C. § 1346(b)(1); Turner ex rel. Turner v. United States, 514 F.3d 1194, 1203 (11th Cir. 2008). The "FTCA is a specific, congressional exception" to the United States' sovereign immunity for tort claims . . . ." Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994). The waiver of sovereign immunity permitted under the FTCA "must be scrupulously observed, and not expanded, by the courts." *Id.* Claims brought against the United States under the FTCA may only proceed where the claimant has complied with certain exhaustion requirements, including presentation of the claim to the appropriate federal agency and denial of the claim by the agency. *See* 28 U.S.C. §§ 2675(a), 2401(a); Suarez, 22 F.3d at 1065.

The FECA provides compensation for a federal employee's personal injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102(a). For injuries within its coverage, the FECA's remedy is exclusive of any other remedy, including the FTCA. 5 U.S.C. § 8116(c); Noble v. United States, 216 F.3d 1229, 1234 (11th Cir. 2000) ("FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries."); Green v. Hill, 954 F.2d 694, 697 (11th Cir. 1992) (noting that a federal employee cannot recover in tort against the United States under the FTCA or otherwise; her sole remedy is pursuant to FECA), *on rehearing, opinion withdrawn and superseded in part on other grounds*, Green v. Hill, 968 F.2d 1098 (11th Cir. 1992).

The FECA was "designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193–94, 103 S. Ct. 1033, 1036, 74 L. Ed.2d 911 (1983); Noble, 216 F.3d at 1234. Like workers' compensation statutes generally, "[FECA] is intended to serve as a substitute rather than a supplement for the tort suit." Bailey v. United States,

451 F.2d 963, 965 (5th Cir. 1971).[4] Under the FECA, "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Lockheed Aircraft, 460 U.S. at 194. The Secretary of Labor ("the Secretary") is "authorized to administer and decide all questions arising under FECA."[5] *See* 5 U.S.C. §§ 8145, 8149. Once the Secretary has determined that the claimant's injury is work-related, as defined by the FECA, the claimant is limited to the remedies authorized by the statute "even if a particular type of damage or consequence the claimant suffered is not compensable" under the FECA. Noble, 216 F.3d at 1235 (citing United States v. Lorenzetti, 467 U.S. 167, 169, 104 S. Ct. 2284, 81 L. Ed. 2d 134 (1984), and Avasthi v. United States, 608 F.2d 1059, 1060–61 (5th Cir. 1979)). If a substantial question exists as to whether the FECA provides the employee's exclusive remedy for the alleged injury, the district court must hold the action in abeyance pending a coverage determination by the Secretary. *Id.* (citing Concordia v. United States Postal Serv., 581 F.2d 439, 442–44 (5th Cir. 1978)). Where the Secretary finds no FECA coverage, the claimant is allowed to proceed under the FTCA; where the Secretary determines the injury falls within FECA's coverage, however, "federal courts generally lack jurisdiction to review the Secretary's decision to award or deny compensation for the injury." *Id.* (citing 5 U.S.C. § 8128(b), which precludes judicial review of an action of the Secretary of Labor in allowing or denying a payment under FECA). There are two instances in which a federal court may exercise jurisdiction over a final decision of the Secretary under FECA: when there is a constitutional claim or when there is a charge that the Secretary violated a clear statutory mandate or prohibition. *Id.* (citing Woodruff v. United States Dep't of Labor, Office of Workers Compensation Program, 954 F.2d 634, 636 (11th Cir. 1992)).

**Discussion**

---

[4] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

[5] The Secretary has delegated his responsibilities with respect to administration of the FECA to the Director of the Office of Workers' Compensation Programs. Noble, 216 F.3d at 1234. For ease of reference, however, this court refers to the duties and actions of the Secretary.

Balinao appears to have fully exhausted her administrative remedies under the FTCA by presenting her claim to the appropriate agency and receiving a denial.  Nevertheless, she may not proceed under the FTCA as the FECA provides the <u>exclusive</u> remedy for a federal worker's personal injuries suffered in the performance of her duty, and she has already been afforded relief under the FECA.  5 U.S.C. §§ 8102(a), 8116(c); <u>Noble</u>, 216 F.3d at 1234.  As the documents submitted by the United States reflect, the Secretary reviewed Balinao's claim and determined that she should be awarded compensation under the FECA for the injuries she sustained when, on March 9, 2005, on the premises of her federal workplace, an entry gate fell and struck her.  Because her FECA claim was granted, Balinao has lost the right to sue the United States under the FTCA.  <u>Lockheed Aircraft</u>, 460 U.S. at 194.  Even if Balinao might have preferred to proceed under the FTCA in order to seek additional relief not available to her under the FECA, she is not entitled to make this election. <u>Avasthi</u>, 608 F.2d at 1060–61 (federal employee not entitled to elect coverage under FTCA rather than FECA even though proceeding under FTCA offered the possibility of a more comprehensive remedy)).

Balinao "applied for and was awarded FECA coverage for [her] injuries.  Therefore, [the court is] barred from reviewing the Secretary's actions unless [Balinao] can show that the Secretary violated either a clear statutory mandate or the Constitution."  <u>Woodruff</u>, 954 F.2d at 639.  In her second amended complaint, however, Balinao does not allege, or even  suggest, that in determining that her injuries sustained on March 9, 2005, fell within FECA's coverage and therefore awarding her compensation, the Secretary violated the Constitution or a clear statutory mandate or prohibition. *See id.* at 640–42 (rejecting arguments that determination to award FECA coverage to federal employee injured during his lunch hour while on employer's premises violated clear statutory mandate or due process).  Thus Balinao alleges nothing to support a finding that judicial review of her FECA claim is appropriate and, consequently, to suggest there was no FECA coverage and thus her FTCA claims should be permitted to proceed.

For the foregoing reasons, this court concludes that subject matter jurisdiction is lacking to hear Balinao's claims pursuant to the FTCA for injuries she suffered on March 9, 2005, at her federal workplace.  Accordingly, the court recommends that the United States' Rule 12(b)(1) motion

to dismiss be granted and that this action be dismissed, with prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

The United States' motion to dismiss (Doc. 25) be **GRANTED** and this action be **DISMISSED, with prejudice.**

At Pensacola, Florida this 17ᵗʰ day of June 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**
        **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**